IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:08cr132

EDWARD H. OAKUM

### MEMORANDUM OPINION

This matter is before the Court on the GOVERNMENT'S MOTION *IN LIMINE* TO PERMIT VICTIM-WITNESSES TO ATTEND THE ENTIRETY OF THE TRIAL (Docket Number 193). Through this motion, the United States seeks to permit testifying witnesses who are also alleged victims ("victim/witnesses") to attend the entirety of the trial under the auspices of the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771 et seq. The Defendant opposes this motion, alleging that the United States has not yet established that these individuals are victims who qualify for rights under the CVRA and that the number of potential victim/witnesses makes allowing all of them to attend the entirety of the trial impractical. (Def. Mem. at 1-2.) For the reasons set forth below, the United States' motion was granted.[1]

---

[1] The motion was granted orally on February 27, 2009 after oral argument. This opinion recites the reasoning on which the motion was granted.

## I. FACTS

The United States charges the Defendant, Edward H. Okun, in a twenty-seven count Superseding Indictment ("SSI") inter alia, mail fraud, wire fraud, money laundering, and various counts of conspiracy. (Superseding Indictment, hereinafter SSI, at 5, 17, 19.) These charges arise from Okun's connection with the 1031 Tax Group ("1031TG"), Okun Holdings, and a number of other qualified intermediary ("QI") companies. Okun was the sole shareholder and owner of these corporations, each of which had its own employees and officers. However, according to the United States, the companies were run pursuant to Okun's instructions and for his financial benefit.

The United States has indicated that it intends to call some of the victims, i.e., the exchangers, at trial as witnesses. (Gov. Mem. at 1.) The Defendant alleges that approximately eight of the 577 alleged victims will be called at trial, and, at oral argument, the United States confirmed that to be the case. (See Def. Mem. at 1-2.)

Evidently, at least some of these victim/witnesses seek to claim the rights afforded to them by the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771 et seq., to attend the entirety of the trial. (Gov. Mem. at 1.) The United States is filing this motion on behalf of those victims, as permitted by 18

U.S.C. § 3771(c)(1). The Defendant objects to the attendance of these witnesses, alleging that they are not victims within the meaning of the statute and that it would be impractical to allow all victims to attend the trial. (Def. Mem. at 1-2.)

## II. DISCUSSION

The CVRA was designed to protect victims' rights and ensure them access to the criminal justice process. United States v. Moussaoui, 483 F.3d 220, 234 (4th Cir. 2007). "The [CVRA] guarantees victims notice of any proceedings, the right to attend those proceedings, the right to confer with the prosecutor, and the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or parole proceeding." Id. (internal quotations omitted).

Okun's first argument is that the victim/witnesses do not qualify as victims under the CVRA because, essentially, the United States has not yet proven the underlying criminal conduct. (Def. Mem. at 1.) The CVRA defines a victim as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). Assuming that the allegations in the SSI are true, therefore, the exchangers would certainly qualify as victims for purposes of

the CVRA. Their position as unsecured creditors in the ongoing, rekated bankruptcy case tends to support the theory that they were directly and proximately harmed by Okun's failure to repay their exchange funds.

Victims have been permitted to exercise CVRA rights before a determination of the defendant's guilt. See, e.g., United States v. Edwards, 526 F.3d 747, 757-58 (11th Cir. 2008); In re Mikhel, 453 F.3d 1137, 1138-39 (9th Cir. 2006) (per curiam); see also United States v. Rubin, 558 F.Supp.2d 211, 418 (E.D.N.Y. 2008) (anyone the government identifies as harmed by the defendant's conduct is a victim). Furthermore, the Fifth Circuit has noted that victims acquire rights under the CVRA even before prosecution. See In re Dean, 527 F.3d 391, 394 (5th Cir. 2008). This view is supported by the statutory language, which gives the victims rights before the accepting of plea agreements and, therefore, before adjudication of guilt. See 18 U.S.C. § 3771(a)(4). Okun's argument that the United States needs to demonstrate Okun's guilt before the victims gain rights under the CVRA is simply incorrect and essentially would eviscerate the rights given under the CVRA to victims in any pre-conviction proceeding.

Federal Rule of Evidence 615 provides that:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of . . .(4) a person authorized by statute to be present.

Generally, therefore, Okun could have the victim/witnesses excluded from the trial before their testimony. However, subsection (4) of Rule 615 carves out an exception to that general rule for persons authorized to be present by statute. The CVRA provides just such an authorization for victims of the crime being tried. See 18 U.S.C. § 3771(a)(3); see also Edwards, 526 F.3d at 757-58 (18 U.S.C. § 3771(a)(3) is a statutory authorization covered by Rule 615(4); Mikhel, 453 F.3d at 1138-39 (holding same); United States v. Johnson, 362 F.Supp.2d 1043, 1056 (N.D.Iowa. 2005) (holding same).[2]

Under the terms of the CVRA, victims may only be excluded from a court proceeding if "the court, after receiving clear and convincing evidence, determines that the testimony by the victim would be materially altered if the victim heard other testimony at the proceeding." 18 U.S.C. § 3771(a)(3). If the court makes such a determination, it must set forth the reasons for that determination on the record with particularity. Id. at (b)(1).

---

[2] The Fourth Circuit apparently has not dealt with this issue directly.

Okun has provided no evidence demonstrating that attendance at the trial would have a material effect on the victim/witnesses testimony, nor is any apparent from the record. Therefore, exclusion of the victim/witnesses is inappropriate under 18 U.S.C. § 3771(a)(3). See Mikhel, 453 F.3d at 1140 (exclusion only appropriate if clear and convincing evidence is presnt).

Okun also argues that, due to the number of victims, permitting all victims to attend the trial is impractical, and the Court should therefore fashion an alternate procedure to allow them to exercise their CVRA rights. See 18 U.S.C. § 3771(d)(2). As an initial matter, it is important that whatever alternate procedure is enacted vindicates the CVRA rights of the victims. See Dean, 527 F.3d at 394-95. Furthermore, any procedure fashioned by the court must demonstrate "respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts have upheld reasonable alternate procedures under 18 U.S.C. § 3771(d)(2) when they both vindicate the victims' rights and take into account considerations of judicial economy. See In re W.R. Huff Asset Mgmt. Co., 409 F.3d 555, 562-63 (2d Cir. 2005); Rubin, 558 F.Supp.2d 211 at 222.

Therefore, *assuming that the Court had some notice that an unmanageable number of victims intended to attend the trial, an appropriate alternate procedure might be to, e.g., arrange for a*

closed-circuit television broadcast of the trial, arrange for a webcast of the trial, or arrange for an audio broadcast of the trial. It would not be, as Okun suggests, to exclude victim/witnesses based on the large number of victims. This suggestion treats victims as a fungible commodity with class rights instead of individuals with personal rights; this reading of the statute is squarely at odds with the need to "respect [] the victim[s'] dignity and privacy." 18 U.S.C. § 3771(a)(8). Furthermore, there has been no showing, at this point, that an unmanageable number of victims intend to attend the trial. Therefore, application of 18 U.S.C. § 3771(d)(2) is premature.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the GOVERNMENT'S MOTION *IN LIMINE* TO PERMIT VICTIM-WITNESSES TO ATTEND THE ENTIRETY OF THE TRIAL (Docket Number 193) is granted.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 23, 2009