IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08cr132

EDWARD H. OKUN

## MEMORANDUM OPINION

This matter is before the Court on the United States' Preliminary Report as to Restitution (Docket Number 276). In that report, the United States, inter alia, took the position that the attorneys' and accounting fees incurred by the victims of the Defendant, Edward H. Okun, were compensable as restitution under the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664. Okun has responded, arguing that those attorneys' fees are not compensable under the MVRA. (Docket Number 285.) For the reasons set forth below, the Court finds that attorneys' and accounting fees are not compensable as restitution under the MVRA.

### FACTS

The Defendant, Edward H. Okun, was convicted of, inter alia, several counts of wire fraud, money laundering, and conspiracy to commit those offenses. Okun's scheme involved

appropriating money deposited in qualified intermediary ("QI") companies by individuals, known as exchangers, for his own benefit. The exchangers deposited the proceeds from the sales of various taxable capital assets with the QIs, seeking to take advantage of Section 1031 of the Internal Revenue Code. That section allows individuals to avoid the tax on the capital gains on such assets if they deposit the proceeds from the sales of those assets with a QI and convert those proceeds to an equivalent piece of property within a specified time period.

The evidence adduced at trial demonstrated that Okun removed the money deposited with the QIs from the insured bank accounts into which that money was to be deposited. Okun then spent that money to purchase assets for his own use and to support his lifestyle. Okun also was using some of the proceeds from those QIs to purchase other QIs for the purpose of using the funds deposited in those companies to keep his ever-expanding corporate family afloat. The evidence further demonstrated that Okun, his companies, and the related officers and employees were deceiving the exchangers as to the disposition of their deposited funds and the financial situation of the QIs. In sum, Okun was running a large, somewhat unconventional Ponzi scheme. That scheme resulted in the defrauding of hundreds of individuals and corporations, with a

total loss of exchanger funds of more than $100 million. (Gov. Rpt. at Exs. A-D.)

The MVRA requires that the Court order restitution for victims of such fraud, as a part of Okun's sentence. See 18 U.S.C. § 3663A(a)(1). The United States, in its Preliminary Report on Restitution, has taken the position that those victims should be compensated for the attorneys' fees that they incurred in attempting to mitigate and/or recover their losses due to Okun's scheme. (Gov. Rpt. at 8.) Okun argues that such fees are not compensable as restitution under the MVRA.

## DISCUSSION

The MVRA commands that a district court must order restitution to the victims of certain types of crimes. See 18 U.S.C. § 3663A(a)(1). The parties do not dispute, and the statutory language is clear, that the MVRA applies to the crimes of which Okun was convicted because those crimes were committed by fraud. See id. at § 3663(A)(c)(1)(ii). The MVRA, in addition to requiring restitution, also sets forth the appropriate measure of the restitution award:

> The order of restitution shall require that [the] defendant--
> (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense--
> (A) return the property to the owner of the property or someone designated by the owner; or

3

>(B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to--
>(i) the greater of--
>(I) the value of the property on the date of the damage, loss, or destruction; or
>(II) the value of the property on the date of sentencing, less
>(ii) the value (as of the date the property is returned) of any part of the property that is returned

18 U.S.C. § 3663A(b).[1] In addition to these direct damages, the victims should also be compensated for "lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." Id. at § 3663A(b)(4).

The United States has argued that, based on this section and 18 U.S.C. § 3664(f)(1)(A), which requires that victims be compensated for the full amount of their loss, the restitution order in this case must include compensation for the attorneys'

---

[1] The United States argues that this section does not apply to Okun's case because it is a "straight fraud scheme" rather than a damage-to-property case. (Def. Rep. at 3.) The plain language of the statute, however, indicates that this measure of damages also applies to offenses that result in the loss of property. See 18 U.S.C. § 3663A(b)(1). Indeed, if only crimes dealing with damage to property were covered by this section, the subparagraphs concerning return of that property would be meaningless. See id. at § 3663A(b)(1)(A). Furthermore, courts have recognized that money is property within the ambit of this section of the MVRA. See, e.g., United States v. Shepard, 269 F.3d 884, 887 (7th Cir. 2001)

4

and accounting fees incurred by the victims in dealing with the consequences of Okun's fraud. (Gov. Rep. at 2-3.) The Defendant argues that attorneys' fees are not compensable as restitution. (Def. Mem. at 2-3.) The Fourth Circuit has not addressed directly the issue of recovery of attorneys' fees as restitution under the MVRA and the other Courts of Appeal are split on the issue. Therefore, deciding whether the victims' attorneys' fees are compensable under the statute requires some analysis.

In 1992, before the enactment of the MVRA, the Fourth Circuit decided United States v. Mullins, wherein the defendant pled guilty to aiding and abetting the commission of wire fraud in connection with an insurance scheme concocted and managed by his brother. See 971 F.2d 1138, 1140-41 (4th Cir. 1992). The district court, in determining the defendant's sentence, included the legal fees and various other professional fees of his victim in the restitution award. See id. at 1146. The Fourth Circuit, analyzing the case under the Victim and Witness Protection Act ("VWPA"), the predecessor to the MVRA, decided that those fees were not compensable as restitution. See id. at 1147. This decision was based on a strict construction of the language of the statute, which set forth a formula for the

5

determination of the restitution amount, but did not provide for recovery of consequential damages.[2] See id.

Several years later, the Fourth Circuit issued an unpublished, *per curiam* opinion in which, citing to Mullins, it found that a district court lacked the power to award consequential damages under the MVRA. See United States v. Sprouse, 58 Fed.Appx. 985, 990-91 (4th Cir. 2003)(per curiam)(unpublished). In that case, the defendant had been convicted of setting fire to a large section of a forest refuge, and the district court included the cost of fire suppression in the restitution judgment it issued pursuant to the MVRA. See id.

---

[2] At the time of the decision in Mullins, the VWPA provided the following as the measure of restitution:
> "The order may require that such defendant-
> (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense-
> (A) return the property to the owner of the property or someone designated by the owner; or
> (B) if return of the property under subparagraph (A) is impossible, impractical, or inadequate, pay an amount equal to the greater of-
> (i) the value of the property on the date of the damage, loss, or destruction, or
> (ii) the value of the property on the date of sentencing,
> less the value (as of the date the property is returned) of any part of the property that is returned"

971 F.2d at 1146. While the VWPA is a different statute than the MVRA, courts have recognized that the restitution-calculation language is functionally identical. See United States v. Mahone, 453 F.3d 68, 74 n.3 (1st Cir. 2006).

at 989. The Fourth Circuit again held that "the plain meaning of § 3663A controls" and that, therefore, an award of consequential damages was unavailable. Id. at 991.

Confusing this situation, however, is the Fourth Circuit's decision in United States v. Bryant, which was issued between Mullins and Sprouse, in which the court held that a district judge did not abuse his discretion in including attorneys' fees in a restitution award. See 139 F.3d 893 (table) (4th Cir. 1998)(per curiam)(unreported). The defendant in Bryant was convicted of bankruptcy fraud and the district court issued a restitution judgment pursuant to the MVRA. See id. The defendant had financed and purchased a piece of real property from one of the identified victims, and then fraudulently failed to make the agreed-upon mortgage payments. See id. The Fourth Circuit held that the district court's inclusion of attorneys' fees in the restitution award was not an abuse of discretion and noted that "[r]estitution reimbursing Jones for the full value of his loss is authorized pursuant to 18 U.S.C. § 3663A." Id.

The current landscape in the Fourth Circuit, therefore, is clearly somewhat unsettled. While the most recent pronouncement from the Fourth Circuit seems to eliminate the availability of consequential damages, an earlier case decided under the same statute in a much more similar factual circumstance indicates

7

that attorneys' fees are compensable if necessary to make the victims whole. Compare Sprouse, 58 Fed.Appx. at 990-91 with Bryant, 139 F.3d at 893.

Unfortunately, the scene outside of the Fourth Circuit is also murky. See United States v. Bogart, 490 F.Supp.2d 885, 894 (S.D.Ohio 2007) (collecting cases). The Second Circuit has held that the "other expenses" language found in § 3663A(b)(4) permits the district court to order attorneys' fees as a part of restitution. See United States v. Amato, 540 F.3d 153, 160 (2d Cir. 2008). The Ninth Circuit has reached a similar conclusion, with the added requirement that the attorneys' fees be "directly, not tangentially, related to" the offense conduct. See United States v. Waknine, 543 F.3d 546, 558 (9th Cir. 2008). Both of these decisions rely on their broad interpretation of the remedial function of the MVRA, rather than a strict construction of the statutory language itself. See Amato, 540 F.3d at 161.

The Fifth, Seventh, and Tenth Circuits, conversely, have held that consequential damages such as attorneys' fees are not recoverable under the MVRA. See United States v. Onyiego, 286 F.3d 249, 256 (5th Cir. 2002); United States v. Shepard, 269 F.3d 884, 887 (7th Cir. 2001); United States v. Barton, 366 F.3d 1160, 1167 (10th Cir. 2004). The Seventh Circuit, in

particular, hews to a tight division of "direct" and "consequential" damages, and generally places attorneys' fees in the latter, unrecoverable, category. See Untied States v. Seward, 272 F.3d 831, 839 (7th Cir. 2001). In the Seventh Circuit's view, however, money spent to "repair" the damage caused by a financial fraud, such as damage to the victim's credit rating, is properly compensable under the MVRA. See United States v. Havens, 424 F.3d 535, 539 (7th Cir. 2005) accord Barton, 366 F.3d at 1167.

The confusing state of the case law interpreting the MVRA returns the analysis, as always, to the language of the statute itself. The position of the United States is that the attorneys' fees incurred by the victims are, in some fashion, "direct costs" imposed on the victims by Okun's fraud. (Def. Rep. at 4.) This position does not survive when measured against the statute because § 3663A explicitly states how direct damages are to be calculated: the value of the property on the date of loss (or sentencing) less any value returned to the victim prior to the entry of the restitution order. See § 3663A(b)(1)(B). The attorneys' fees incurred by the victim are not a part of the lost property's value, and thus, under a strict reading of the statute, have no place in the loss calculation.

9

Other subsections of § 3663A provide for the recovery of some of what might be called "consequential damages," such as funerary expenses, where applicable. The most relevant subsection to the instant claim is § 3663A(b)(4), which provides for the recovery of "lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." Subsection (b)(4) thus provides a list of compensable expenses followed by a generalizing term ("other expenses"): a paradigmatic example where the textual interpretive canon of *ejusdem generis* should be applied. See Ayes v. U.S. Dept. of Veterans Affairs, 473 F.3d 104, 109 n.3 (4th Cir. 2006). That canon provides that "[w]hen general words follow specific words in a statutory enumeration, we . . . construe the general words to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Id. (internal quotations omitted).

The relevant listed specific examples in Subsection (b)(4) all pertain to logistical necessities imposed on victims in order to allow them to participate in the investigation of their offenses, e.g., transportation to meetings with federal agents or child care during those meetings. Attorneys' fees incurred in an attempt to mitigate the loss suffered by the fraud, such

10

as those claimed by the victims and supported by the United States, do not fit this general pattern. Indeed, the United States does not attempt to claim the victims' attorneys' fees under this subsection. (Def. Rep. at 4.)

The inability of the Second Circuit in the Amato case to see this evident similarity between these specific terms is somewhat puzzling. See 540 F.3d at 161. The Second Circuit even realized that their "interpretation of the statute renders Congress' reference to child care and transportation expenses somewhat superfluous." Id. The Fourth Circuit tends to utilize the doctrine of *ejusdem generis* in a somewhat more stringent manner, and that approach guides the analysis of the statute at hand. See, e.g., United States v. Ryan-Webster, 353 F.3d 353, 365 (4th Cir. 2003).

This finding is supported by the Fourth Circuit's treatment of the issue in Mullins. The Fourth Circuit has explained that an award of restitution must conform to the plain language of the statute:

> In cases involving the damage, loss, or destruction of property, restitution must be limited to that which the statute authorizes: return of the property, or payment of the property's value, either on the date of damage or loss or on the date of sentencing, less the value of any part of the property that is returned.

11

Mullins, 971 F.2d at 1146-47. While this conclusion was reached under the VWPA, the MVRA provides the sentencing court with even less discretion to deviate from the plain language of the statute. See United States v. Alalde, 204 F.3d 536, 540 (4th Cir. 2000)(discussing the limited nature of the sentencing court's discretion under the MVRA); see also Mahone, 453 F.3d at 74 n.3 (noting that precedent interpreting the VWPA is useful in interpreting the MVRA because of the similarity in statutory language and intent). Therefore, the actual loss of the victims for purposes of restitution will be calculated without inclusion of consequential damages that are not specifically provided for by the statute.

The United States makes a further argument that 18 U.S.C. § 3664(f)(1)(A), which states that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court," also provides a statutory basis for an award of attorneys' fees to the victims. (Gov. Rep. at 4.) This argument is unavailing, because it does not read § 3664(f)(1)(A) in the context of the remainder of the statute. While it is true that § 3664(f)(1)(A) provides that the court cannot order less-than-full restitution, the determination of what constitutes full restitution is conducted under the strictures and procedures of § 3663A. See United States v.

Harvey, 532 F.3d 326, 339 (4th Cir. 2008); United States v. Stewart, 321 F.Supp.2d 652, 655 (D.Md. 2004). Reading the statute in any other fashion renders the entirety of § 3663A(b) mere surplusage. Therefore, this argument does not save the United States' position.

CONCLUSION

For the reasons set forth above, the attorneys' fees and accounting fees of the victims will not be included in the calculation of the restitution judgment.

It is so ORDERED.

                        /s/   *REP*
                        Robert E. Payne
                        Senior United States District Judge

Richmond, Virginia
Date: July 31, 2009